**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAMUEL LAM,

                Petitioner-Appellant,

v.

BARNES B. GOWER,

                Respondent-Appellee.

No.   17-17488

D.C. No.
2:14-cv-01899-WBS-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted June 10, 2019
San Francisco, California

Before: SCHROEDER and M. SMITH, Circuit Judges, and RAYES,[**] District
Judge.

    California state prisoner Samuel Lam appeals the district court's denial of

his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for

inflicting corporal injury on a cohabitant, false imprisonment, brandishing a

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Douglas L. Rayes, United States District Judge for the
District of Arizona, sitting by designation.

firearm, and simple assault. Lam asserts that the state trial court violated his Sixth Amendment rights by admitting two hearsay statements of the complaining witness. The district court denied the petition under the strictures imposed by 28 U.S.C. § 2254 and we affirm.

1. The state court determined that the first statement was non-testimonial because it was made in the context of a contemporaneous emergency. *See Davis v. Washington*, 547 U.S. 813, 822 (2006) ("[S]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of interrogation is to enable police assistance to meet an ongoing emergency."). To determine the primary purpose, we must "objectively evaluate[] the circumstances in which the encounter occurs and the statements and actions of the parties." *Lucero v. Holland*, 902 F.3d 979, 989 (9th Cir. 2018) (quoting *Michigan v. Bryant,* 562 U.S. 344, 359 (2011)). In this case, the victim's statement took place during an initial interrogation after officers responded to a 911 call where the victim was visibly injured, shocked, and confused. Given these circumstances, we cannot say that the state court judgment was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 786-87 (2011).

2

2. The state court also concluded that admission of the second statement, although testimonial, was harmless because the statement was repetitive of the first one and therefore not prejudicial.  This was not an unreasonable application of the law to the facts.  *See Davis v. Ayala*, 135 S. Ct. 2187, 2208 (2015) (the state court's determination of harmless error was a reasonable application of controlling precedent).  Lam has therefore not met his burden to show that the state court's decision was objectively unreasonable.  *See id*.

We affirm.